UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
WILMINGTON PT CORP.,                                                 :    19-CV-02816 (ARR) (RLM)
                                                                     :
                Plaintiff,                                           :    NOT FOR PUBLICATION
                                                                     :
     -against-                                                       :    ORDER & OPINION
                                                                     :
THE BANK OF NEW YORK MELLON F/K/A THE                                :
BANK OF NEW YORK, AS TRUSTEE FOR THE                                 :
CERTIFCATEHOLDERS OF THE CWALT, INC.,                                :
ALTERNATIVE LOAN TRUST 2007-0A2, MORTGAGE                            :
PASS-THROUGH CERTIFICATES, SERIES 2007-OA2                           X

                Defendants.

--------------------------------------------------------------------
ROSS, United States District Judge:

      Plaintiff Wilmington PT Corp. ("Wilmington PT Corp.") and defendant The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of the CWALT, Inc., Alternative Loan Trust 2007-OA2, Mortgage Pass-Through Certificates, Series 2007-OA2 ("Bank of New York Mellon") both claim mortgage interests in the same property. Plaintiff brought this cause of action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1501(4), seeking to discharge defendant's mortgage on the basis that the statute of limitations has expired. Defendant brought a motion to dismiss or stay proceedings because a parallel claim is on appeal in state court. For the reasons below, I grant a stay of these proceedings until the parallel state court proceeding is fully adjudicated.

## BACKGROUND

      On January 5, 2007, Akbar Allie (the "Borrower") executed two mortgages on the real property located at 90-06A 1st Avenue, Ozone Park, NY 11416. Compl. ¶¶ 8–9, ECF No. 1. The first mortgage (the "Disputed Mortgage") was in favor of MERS, Mortgage Electronic

1

Registration Systems, Inc., as nominee for Countrywide Bank, N.A, securing the repayment of a note dated the same date for the principal sum of $472,000. Disputed Mortgage, Ex. A, ECF No. 1-1. It was recorded in the Office of the City Register of the City of New York on January 17, 2007. The second mortgage (the "Wilmington PT Mortgage") was in favor of National City Bank, N.A., and secured repayment of a note dated the same date for a principal sum of $250,000. Wilmington PT Mortgage, Ex. B, ECF No. 1-2. That mortgage was recorded in the Office of the City Register of the City of New York on March 22, 2007. *Id.*

The Disputed Mortgage has since been assigned twice. Compl. ¶¶ 10–11. First, it was assigned to The Bank of New York as Trustee for the Benefit of Alternative Loan Trust 2007-OA2 Mortgage Pass-Through Certificates, Series 2007-OA2 by New Penn Financial LLC dba Shellpoint Mortgage Servicing as Attorney in Fact by an assignment of mortgage dated March 21, 2008 and recorded on April 7, 2008. Assignment to the Bank of New York, Ex. C, ECF No. 1-3. Then, the mortgage was assigned to The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2007-OA2, Mortgage Pass-Through Certificates, Series 2007-OA2 by an assignment of mortgage dated February 2, 2015 and recorded on February 12, 2015. Assignment to Bank of New York Mellon, Ex. D, ECF No. 1-4.

The Wilmington PT Mortgage was assigned three times, Compl. ¶¶ 12–14: First, to DBI Fund Holdings, LLC (assignment of mortgage dated September 3, 2010, recorded on June 8, 2017), Assignment to DBI, Ex. E, ECF No. 1-5; second, to Trinity Financial Services, LLC (assignment of mortgage dated January 27, 2015 and recorded on June 8, 2017), Assignment to Trinity, Ex. F, ECF No. 1-6; and third, to Wilmington PT Corporation (assignment of mortgage dated September 18, 2018 and recorded on October 16, 2018). Assignment to Wilmington PT

2

Corporation, Ex. G, ECF No. 1-7.

The Borrower defaulted under the terms of the Disputed Mortgage. Compl. ¶ 15. On March 27, 2008, Defendant's predecessor in interest commenced a foreclosure action in the New York Supreme Court, and accelerated the debt associated with the Disputed Mortgage. Summons and Complaint, Ex. H, ECF No. 1-8. On May 20, 2013, the state court dismissed the action. Discontinuance Order, Ex. I, ECF No. 1-9. Defendant claims it revoked the acceleration of the loan after this action was dismissed. *See* Def.'s Br. 2, ECF No. 11-12.

On June 29, 2015, Defendant filed a second foreclosure action on the Disputed Mortgage in New York Supreme Court. Summons and Complaint, Ex. J, ECF No. 1-10. The court ordered this action dismissed on February 8, 2017. Dismissal Order, Ex. K, ECF No. 1-11. Defendant filed motion for leave to renew, which the court denied on February 8, 2017. Denial Order, Ex. L, ECF No. 1-12. Defendant appealed the decision, and the appeal is currently pending before the Appellate Division for the Second Judicial Department. Def.'s Br. 2.

Plaintiff filed the instant action on May 13, 2019, in this court on the basis of diversity jurisdiction. The action is brought pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1501(4), seeking to discharge the Disputed Mortgage on the basis that the statute of limitations expired on March 29, 2014. Compl. ¶¶ 1–3. On July 16, 2019, defendant filed a motion to dismiss, or in the alternative, for a stay, under the abstention doctrine.

## DISCUSSION

"A motion to dismiss based on the abstention doctrine is analyzed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction." *Potente v. Capital One*, *N.A.,* No. 16-CV-3570 (DRH)(AYS), 2018 WL 1882848, at *2 (E.D.N.Y. Apr. 19, 2018) (citing *United States v. Blake*, 942 F. Supp. 2d 285, 292 (E.D.N.Y. 2013) and *City of New York v. Milhelm Attea & Bros., Inc.*,

550 F. Supp. 2d 332 (E.D.N.Y. 2008)). "Where a defendant raises a bona fide challenge to subject matter jurisdiction, a plaintiff has the burden of proving that jurisdiction is proper by a preponderance of the evidence." *Milhelm*, 550 F. Supp. 2d at 340. The same analysis applies to a motion to stay under the abstention doctrine as applies to a motion to dismiss. *See Gen. Star Int'l Indem. Ltd. v. Chase Manhattan Bank*, No. 01 CIV. 11379 AGS, 2002 WL 850012, at *4 (S.D.N.Y. May 3, 2002), *aff'd*, 57 F. App'x 892 (2d Cir. 2003) ("Although this distinction [between dismissal and a stay] may be significant in terms of the effect of a judicial decision, the distinction does not alter the requisite legal analysis."); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983) ("[A] stay is as much a refusal to exercise federal jurisdiction as a dismissal.").

Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction, but there are certain circumstances under which courts should abstain. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Under the *Colorado River* doctrine, a court may stay or dismiss a party's claims when (1) the cases are "concurrent" or "parallel," and (2) evaluation of a six-factor test weighs in favor of abstention. *Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 521 (2d Cir. 2001). The six factors to be considered are as follows: (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which the actions were filed; (5) the law that provides the rule of decision; and (6) the adequacy of the state court to protect the parties' rights. *Id.*

Defendant argues for abstention in this case because the state proceeding is parallel to the instant proceeding and five of the six factors favor of abstention. Def.'s Br. 3–4. I agree for the reasons discussed below.

A. **Parallel Litigation**

"Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997). "Complete identity of parties and claims is not required; the parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation." *GBA Contracting Corp. v. Fid. & Deposit Co. of Maryland*, No. 00-CIV-1333, 2001 WL 11060, at *1 (S.D.N.Y. Jan. 4, 2001).

As defendant describes, "There is functional identity of the parties in these cases." Def.'s Br. 5. Bank of New York Mellon is a party to both actions as the plaintiff in state court and the defendant in this proceeding. *Id.* Wilmington is the plaintiff in this case and is not a party in the other case. *Id.* However, Wilmington's predecessor in interest, National City Bank, is a named defendant in the state court proceeding. *Id.* Therefore, the identity of parties is met.

Both cases turn on the identical issue: whether the statute of limitations has expired on the defendant's mortgage. *See* Compl. ¶ 30 ("[T]he Disputed Mortgage must be discharged of record because the statute of limitations expired on March 29, 2014."); St. John Decl. ¶¶ 8–10, ECF No. 11–1. (noting that the state court action was dismissed "because it was not filed within the statute of limitations" and that an appeal is currently pending with the Appellate Division for the Second Judicial Department). Plaintiff is correct that the proceedings raise different causes of action, Pl.'s Br. 7, ECF No. 15-15, but this does not change the fact that the issue at stake is the same. *See Parris v. Fremont Investment & Loan*, No. 14-cv-06907 (PKC)(RER), 2018 WL 4522083, at *3 (E.D.N.Y. May 22, 2018), *report and recommendation adopted sub nom. Parris v. Fremont Inv. & Loan*, No. 14-CV-06907, 2018 WL 3377147 (E.D.N.Y. July 11, 2018)

(concluding that cases were parallel where the cases raised different causes of action but "involve[ed] the same real property, the same mortgage-loan transaction, and essentially the same parties"). Because the issue is the same, there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case," and the claims are parallel for *Colorado River* abstention purposes. *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 287 (E.D.N.Y. 2013).

### B. The Six Factors

The majority of the six factors for *Colorado River* abstention described in *Woodford* weigh in favor of abstention in this case. *See* 239 F.3d at 522.

The first factor asks whether one of the courts has assumed jurisdiction over property. *Id.* Here, the state court has already assumed jurisdiction over the property in the foreclosure action, which is an *in rem* proceeding. *See F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999) (collecting cases holding that a foreclosure action is *in rem*). Defendant argues that this factor alone is dispositive. Def.'s Br. 3–4 (citing *F.D.I.C.*, 178 F. 3d at 101–02). But because most of the other six factors in this case also weigh in favor of abstention, I need not rest on the first factor alone.

The second factor, inconvenience of the federal forum, does not favor abstention in this case as there is no reason this court is less convenient for the parties than the state court. Defendant does not dispute this. Def.'s Br. 7.

The third factor, avoidance of piecemeal litigation, favors abstention. Resolution of the issue in state court may resolve the claims as to all parties, avoiding the need for duplicative federal court litigation on the same issue.

The fourth factor, the order in which jurisdiction was obtained, also favors abstention.

The state court litigation has been ongoing for four years, *see* Summons and Complaint, Ex. J, ECF No. 1-10, while this case was filed less than four months ago. The state court litigation is likely nearing a conclusion.

The fifth factor, the law that provides the rule of decision, favors abstention. The only cause of action in this case is under RPAPL, a New York state statute. The only substantive law to be resolved is state law.

Finally, the sixth factor, adequacy of state procedures, also favors abstention. Mortgage-loan transactions are routinely dealt with in the state courts.

In conclusion, five out of the six factors strongly favor abstention, and therefore, abstention is appropriate.

## CONCLUSION

I grant defendant's motion to abstain from adjudicating the instant action in favor of the pending state action and therefore stay the case until there is a final decision in the state court litigation. The parties are directed to update the court on developments in that case.

SO ORDERED.

_/s/_____
Allyne R. Ross
United States District Judge

Dated:      August 27, 2019
            Brooklyn, New York