# Supreme Court of the State of New York
# Appellate Division: Second Judicial Department

D60649
Q/afa

_____AD3d_____

Argued - May 7, 2019

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.

———————————————————————

2017-04213

DECISION & ORDER

Bank of New York Mellon, etc., appellant,
v Akbar Alli, respondent, et al., defendants.

(Index No. 706787/15)

———————————————————————

Stern & Eisenberg, P.C., Depew, NY (Margaret J. Cascino and Anthony P. Scali of counsel), for appellant.

Jeffrey M. Kramer, Brooklyn, NY, for respondent.

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered March 6, 2017. The order, insofar as appealed from, granted that branch of the cross motion of the defendant Akbar Alli which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred.

ORDERED that the order is affirmed insofar as appealed from, with costs.

On January 5, 2007, the defendant Akbar Alli (hereinafter the defendant) borrowed the sum of $472,000 from Countrywide Bank, N.A., which loan was secured by a mortgage encumbering residential real property. On March 27, 2008, the plaintiff's predecessor in interest, the Bank of New York, commenced an action to foreclose the mortgage based upon the defendant's alleged default under the terms of the loan. The complaint in that action alleged, in relevant part, that the "[p]laintiff has elected . . . to declare immediately due and payable the entire unpaid balance of principal, together with monies advanced for taxes, insurance, property maintenance, as well as costs, allowances and reasonable attorney fees to the extent permitted by the mortgage." By order dated May 20, 2013, that action was dismissed.

On June 29, 2015, the plaintiff commenced the instant foreclosure action. In his answer, the defendant asserted as a ninth affirmative defense that the action was barred by the statute of limitations. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him as time-barred. The Supreme Court, inter alia, granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred. The plaintiff appeals.

An action to foreclose a mortgage is subject to a six-year statute of limitations (*see* CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (*see Freedom Mtge. Corp. v Engel*, 163 AD3d 631, 632, *lv granted in part* 33 NY3d 1039; *Nationstar Mtge., LLC v Weisblum*, 143 AD3d 866, 867; *Wells Fargo Bank, N.A. v Burke*, 94 AD3d 980, 982). "However, 'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (*see Freedom Mtge. Corp. v Engel*, 163 AD3d at 632, quoting *EMC Mtge. Corp. v Patella*, 279 AD2d 604, 605; *see Kashipour v Wilmington Sav. Fund Socy., FSB*, 144 AD3d 985, 986). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (*HSBC Bank USA, N.A. v Gold*, 171 AD3d 1029, 1030 [internal quotation marks omitted]; *see Milone v US Bank N.A.*, 164 AD3d 145, 154; *Deutsche Bank Natl. Trust Co. v Adrian*, 157 AD3d at 935).

Here, in support of his cross motion, the defendant established that the the six-year statute of limitations (*see* CPLR 213[4]) began to run on the entire debt on March 27, 2008, when the plaintiff's predecessor in interest commenced the prior foreclosure action (*see Freedom Mtge. Corp. v Engel*, 163 AD3d at 632; *U.S. Bank, N.A. v Kess*, 159 AD3d 767, 768; *Deutsche Bank Natl. Trust Co. v Gambino*, 153 AD3d 1232, 1233). Since the plaintiff did not commence the instant foreclosure action until July 29, 2015, which was more than six years after acceleration of the debt, the defendant met his initial burden of demonstrating, prima facie, that the instant action was untimely (*see Milone v US Bank N.A.*, 164 AD3d 145, 153; *U.S. Bank, N.A. v Kess*, 159 AD3d at 768; *Deutsche Bank Natl. Trust Co. v Adrian*, 157 AD3d 934, 935).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Deutsche Bank Natl. Tr. Co. v Adrian*, 157 AD3d at 935-936; *Beneficial Homeowner Serv. Corp. v Tovar*, 150 AD3d 657, 658; *see also Bank of N.Y. Mellon v Dieudonne*, 171 AD3d 34, 39-40).

Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him as barred by the statute of limitations (*see U.S. Bank Trust, N.A. v Aorta*, 167 AD3d 807, 809).

BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.

2017-04213                       DECISION & ORDER ON MOTION

Bank of New York Mellon, etc., appellant,
v Akbar Alli, respondent, et al., defendants.

(Index No. 706787/15)

         MOTION by the respondent on an appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered March 6, 2017, inter alia, to strike stated portions of the appellant's brief on the ground that it improperly raises issues for the first time on appeal. By decision and order on motion of this Court dated May 23, 2018, that branch of the motion which is to strike stated portions of the appellant's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

         Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

         ORDERED that the branch of the motion which is to strike stated portions of the appellant's brief is denied.

BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.

             ENTER:

                 Aprilanne Agostino
                 Clerk of the Court